Judge Underwood,
delivered the opinion of the court.
Patton and Sharp filed their bill in the circuit court, against Clark and others, to subject certain debts due to Clark, who was a non-resident, by persons within the jurisdiction of the court, to the payment of an obligation, which they, as commissioners for the Christian bank, held on Charles Caldwell, and the appellant Clark.
Clark answered; making his answer a cross bill, and insisted that he was only surety for Caldwell; that an arrangement had been made with Caldwell, whereby indulgence had been extended to his injury, without his knowledge or consent ;in consequence whereof,he claimed to be discharged in equity, from further liability on the obligation.
The arrangement was of such a character, as would release Clark in equity, provided, he was only the surety, if Patton, who made the arrangement without Sharp’s knowledge, had competcntpower to make it, and to bind Sharp by it. "We are of opinion, that any one of two or more joint obligees, by an arrangement with the principal debtor, to the prejudice of the surety, without his consent, may effect a release of the surety in equity, without consulting hisYo-obligees. Any one of the ob-ligees may receive the money due on the note or obliga *34 tion. Any one of the obligees may release the debt. Co-obligees occupy the attitude of partners, and all are, in. general, bound by the acts of any one.
One,at ¡joint obligees may ■ release the debt.
Co-obligees occupy-the attitude of partners, and all are, in general,- bound by acts of any •one.
The arrangement made by Patton with Caldwell, is obligatory, and if Clark was merely the surety, he is discharged. Clark depends on the answer of the complainants to his cross bill, to establish the fact of his sure» ■ tyship. He charges the fact positively.
In answer to the allegation, they say, “These complainants have always regarded said Clark, as a principal obligor in said note; said note having been given to secure a debt to said bank, that they believed said Clark -and Caldwell were both bound for; whether said Clark ■received any of the consideration of the'original note, that the note in the bill named, was given to these com-.plainantsto secure, they Of their own knowledge do not loiow.”
Patton and Sharp were called on to -state, whether Clark was surety or not. As obligees, they must be.presumed to know the attitude of the obligors, with whom they contracted. It is a legal inference, that they could, in a direct response to the allegation, admit or deny, that Clark was surety. Now, they have not denied it, but they undertake to escape a direct admission of it. They say, “they have always regarded said Clark as a principal.” The question is not how they were disposed to regard him, but how the law regarded him. Doubtless, it was their interest to regard him as a principal, especially, if any arrangement had been made, which would have released him, were he only a surety.
'The answer discloses the fact, that the obligation held by Patton and Sharp was executed, in consideration of a note héld by the corporation, to close the concerns of which, the complainants were commissioners, and they say,“whether Clark received any of the consideration of the original-note, (meaning, we presume, the money arising from its discount,) they, of their own knowledge, do not know.”
This is another matter, which the law presumes they might know, and which we think, they were bound to know. They, as commissioners, held the books of the corporation) and the checks upon it for money. The transactions of the corporation were open to their in *35 spection. They do not say, that they have no knowledge whatever, as to the attitude of Clark, in relation to the original note held by the bank; but they place it upon their personal knowledge, whether he received any of the money or not. The inference from their answer is, that they were not entirely destitute of all knowledge, but that they were not personal witnesses of the fact. The books and papers of the bank may have informed them, that Clark was* surety only, and that Caldwell got all the money. This may be perfectly known to them; but as they were not present at the time, Caldwell received the money from the cashier, they allege that they had no persona] knowledge, and, therefore, were not bound to admit the allegation in direct terms. The answer' offers no reason for failing to state their information, derived from the books and papers of the bank., Such information, in a case like this., would be equal to personal knowledge. It was their duty to have made the examination, and communicated the result. . Their failure to state the result, when it is-obvious, from, their answer, that they were not altogether uninformed, and when the source of correct information was in their power, irresistibly leads to the conclusion, that the fact was, as stated by Clark.
Crittenden, for appellants.
And hence, we consider the answer so evasive, and-equal to an admission of the fact, that Clark was surety only. He is consequently released, by the-arrangement made with Caldwell.
Wherefore, tire decree is reversed with costs, and the c.ause remanded with directions to dismiss the bill.